UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
UNITED STATES OF AMERICA,        :    **ORDER DENYING RELEASE**
:
-against-                        :    00 Cr. 1069 (AKH)
:
WONG CHANG,                      :
:
                    Defendant.   :
:
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Wong Chang's motion for compassionate release (ECF No. 74) is denied. The "extraordinary and compelling" circumstances that would support compassionate release have not been shown.

      I recall this case vividly. Defendant was a member of a gang that preyed upon Chinese refugees whose families had paid an immigration broker to enable one of them to come to this country. The refugees were made to live together while they performed menial restaurant work, paying off the balance owed to the broker from their meager salaries. Defendant and other gang members kidnapped the refugees, forced them to ask for more money from their families, and "worked them over" if money was not forthcoming. Defendant was overly aggressive to one of the victims, ultimately killing him. Defendant and others of the gang removed the dead body, defaced the body beyond recognition, and buried him in an unmarked grave.

      Defendant pleaded guilty on April 1, 2002, and showed no remorse that I could detect. I sentenced Defendant to 360 months, above the Guidelines minimum of 324 months but below the Guidelines maximum of 405 months based on his offense level of 40 and Criminal History Category of II. He has served 22 years and is scheduled to be released February 3, 2030. He now asks for compassionate release, citing his long sentence and concern about COVID.

Defendant is not entitled to compassionate release. His crime was heinous. The sentencing considerations of 18 U.S.C. § 3553(a) amply justify the sentence—then and now. The close quarters of prison affect all in custody, not only Defendant, and his fear of contracting COVID is much exaggerated, as the statistics concerning Covid rates at Florence FCI make clear. *See* ECF No. 79 at 4. Defendant cites to psychiatric issues caused by his long confinement, but nothing appears more severe than most others. Defendant claims that his mother is ill and needs his support, but that is the case for many prisoners and is not itself grounds for release. *See Sanchez v. United States*, 2023 WL 144220, at *3 (S.D.N.Y. Jan. 10, 2023) ("a defendant seeking release to care for a family member must nevertheless show extraordinary circumstances," such as where the family member "depend[s] exclusively" on the defendant for care (quoting *United States v. Yoda*, 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020))). Defendant claims sentencing disparities, but none exist.

Defendant's motion is denied.

SO ORDERED.

Dated: June 6, 2023
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2