UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

WONG CHANG,

               Defendant.

-------------------------------------------------------------- x

         :
         :
         :   **ORDER DENYING
         :   DEFENDANT'S RENEWED
         :   MOTION FOR
         :   COMPASSIONATE RELEASE**
         :
         :
         :   00 Cr. 1069 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Wong Chang moves again for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The "extraordinary and compelling" circumstances that would support compassionate release remain unmet. I deny the motion without the need for opposition from the government.

I reiterate my reasoning in denying Defendant's prior motion. Defendant was a member of a predatory gang which kidnapped refugees who had paid an immigration broker to come to this country. During an attempt to "work[] over" one such refugee, Defendant ultimately killed him and, with others, defaced the victim's body beyond recognition, burying him in an unmarked grave.

Defendant pleaded guilty on April 1, 2002. I sentenced Defendant to 360 months, above the Guidelines minimum of 324 months but below the Guidelines maximum of 405 months based on his offense level of 40 and Criminal History Category of II. Defendant is scheduled to be released on February 3, 2030. I denied Defendant's earlier motion for compassionate release on June 6, 2023, citing, in part, the heinous nature of his crimes. *See* ECF No. 80.

1

In his renewed motion Defendant argues that, among other factors, the long and difficult nature of his confinement, his age (Defendant is 62 years old), that he spent the COVID-19 era incarcerated, the conservation of prison resources, and the fact that Defendant is subject to removal upon transfer to U.S. Immigration and Customs Enforcement ("ICE"), constitutes an "extraordinary and compelling" justification for reduction. *See* ECF No. 81. Defendant requests I reduce his sentence to time served and order the coordination of his removal from the United States. *See id.*

The sentencing factors of 18 U.S.C. 3553(a) independently justify Defendant's sentence. A district court may deny a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021); *see also United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the" district court).

The nature of the defendant's crime and need for deterrence weigh against a reduction in his sentence. In sum, "[n]othing has changed with respect to my consideration of the section 3553(a) factors: They still provide an independent reason why I will not grant..." Defendant's renewed motion. *United States v. Petersen*, No. 3:16-CR-109 (SRU), 2021 WL 217425, at *5 (D. Conn. Jan. 21, 2021).

Accordingly, Defendant's renewed motion for sentence reduction is denied.

SO ORDERED.

Dated:    June 2, 2026
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2